**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| Arthur Stoner ) | |
| 1601 Pittsburgh Avenue ) | |
| Oakland, Maryland 21550 ) | |
|     Plaintiff ) | |
| ) | CIVIL ACTION NO. |
|     vs. ) | |
| ) | |
| Professional Recovery Services, Inc. ) | |
| 211 Laurel Road, Suite 350 ) | |
| Voorhees, NJ 08043 ) | JURY TRIAL DEMANDED |
|     Defendant ) | |
| ) | |

## COMPLAINT

Plaintiff, Arthur N. Stoner, by and through his counsel, Sonya A. Smith-Valentine, Esq. and Valentine Legal Group, LLC, brings this action against Defendant Professional Recovery Services, Inc. on the grounds set forth herein:

### I. PRELIMINARY STATEMENT

1. This is an action for damages by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"); for violations of the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, §14-201, *et seq.*; and for violations of the Maryland Consumer Protection Act, Md. Code Ann, Com. Law §13-101 *et seq.* by the Defendant in its efforts to collect a consumer debt.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692 and 28 U.S.C. § 1331, and pursuant to 28 U.S.C. § 1367 for pendent state law claims. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3.     Plaintiff, Arthur N. Stoner, is a natural person residing in the State of Maryland and is a "consumer" as that term is defined by the FDCPA and is a "person" as that term is defined by the Maryland Consumer Debt Collection Act and the Maryland Consumer Protection Act.

4.     Defendant Professional Recovery Services, Inc. (hereinafter "PRS") is a foreign corporation engaged in the business of collecting debts in this state.  PRS is a "debt collector" as defined by the FDCPA and is a "collector" as that term is defined by the Maryland Consumer Debt Collection Act.  The principal purpose of PRS is the collection of debts using the mails and telephone.  PRS regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

5.     Defendant has engaged in a campaign of debt collection abuse aimed at the Plaintiff.

6.     Upon information and belief, sometime in 2006, Plaintiff's adult daughter incurred a debt which was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by the FDCPA and is a "consumer transaction" as that term is defined by the Maryland Consumer Debt Collection Act (hereinafter "the Debt").

7.     Upon information and belief, the Debt was consigned, placed, transferred or otherwise obtained by Defendant for collection from Plaintiff's daughter.

8.     In October 2008, Plaintiff began receiving numerous harassing telephone calls from Defendant in an attempt to collect the Debt.   Defendant would call Plaintiff several times a day.

9.     Plaintiff informed the Defendant that the Debt did not belong to him.  Plaintiff informed Defendant that the Debt belonged to his adult daughter and that his daughter does not live with him.  Plaintiff requested that the Defendant cease contacting him.

10.    In November 2008, Plaintiff continued to receive numerous abusive and harassing telephone calls from the Defendant in an attempt to collect the Debt.

11. Defendant called Plaintiff several times a day although Plaintiff informed Defendant that Plaintiff's daughter does not live with him. Plaintiff demanded that Defendant stop calling him.

12. Defendant was verbally abusive to Plaintiff during the telephone calls to Plaintiff. Defendant was hostile with Plaintiff and insulted Plaintiff. Defendant also threatened Plaintiff with a lawsuit.

13. On approximately November 14, 2008, Plaintiff's attorney (not undersigned counsel) sent a letter to Defendant demanding that Plaintiff cease all communication with Plaintiff.

14. In December 2008, Defendant continued to call Plaintiff in a harassing and abusive manner demanding that Plaintiff provide Defendant with Plaintiff's daughter's information.

15. Defendant already had Plaintiff's daughter's contact information as Defendant also spoke with Plaintiff's daughter, on more than one occasion, during the same time period that Defendant was calling Plaintiff.

16. In January 2009, Plaintiff continued to receive harassing telephone calls from Defendant where Defendant continued to demand that Plaintiff provide his daughter's contact information.

17. As a result of the acts and omissions of the Defendant, Plaintiff has suffered actual damages and injury, including but not limited to, severe stress, mental anguish and suffering, emotional distress, irritability, and frustration.

### V. CLAIMS FOR RELIEF

#### COUNT I.

#### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

19. The foregoing acts and omissions of Defendant constitute numerous and multiple violations the FDCPA, including, but not limited to, 15 U.S.C. § 1692b(3), 15 U.S.C. § 1692d,

15 U.S.C. § 1692d(2), 15 U.S.C. § 1692d(5), 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f.

20.     As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k, statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k from Defendant.

## COUNT II

### VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT

21.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

22.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations the Maryland Debt Collection Act, including, but not limited to, Md. Code Ann. Com. Law. §14-202(6), Md. Code Ann. Com. Law. §14-202(7) and Md. Code Ann. Com. Law. §14-202(8).

23.     As a result of Defendant's violations of the Maryland Consumer Debt Collection Act, Plaintiff has suffered actual damages and is therefore entitled to actual damages pursuant to Md. Code Ann. Com. Law. §14-203 from Defendant.

## COUNT III.

### VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT

24.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

25.     The foregoing acts and omissions of Defendant constitute a violation the Maryland Consumer Protection Act, Md. Code Ann. Com. Law. §13-301 et seq., as a violation of the Maryland Consumer Debt Collection Act is also a violation of the Maryland Consumer Protection Act as an unfair and deceptive trade practice.

26.     As a result of Defendant's violation of the Maryland Consumer Protection Act, Plaintiff has suffered actual damages and is therefore entitled to actual damages pursuant to Md. Code Ann. Com. Law. §13-408 from Defendant and reasonable attorney's fees and costs pursuant to Md. Code Ann. Com. Law. §13-408 from Defendant.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.   Actual Damages;

B    Statutory damages;

C.   Costs and reasonable attorney's fees; and

D.   For such other and further relief as may be just and proper.

Respectfully submitted,

*Sonya Smith-Valentine*

Sonya A. Smith-Valentine, Esq. (27079)
Valentine Legal Group, LLC
7319 Hanover Parkway, Suite C
Greenbelt, MD 20770
Tel:  301-513-9500
Fax:  866-301-9155

Dated: January 12, 2009                Attorney for Plaintiff

5