UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
SUSAN K. GAUVEY
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_skgchambers@mdd.uscourts.gov
(410) 962-4953
(410) 962-2985 - Fax

August 13, 2009

Sonya Anjanette Smith-Valentine, Esq.
Valentine Legal Group LLC
7319 Hanover Pkwy Ste C
Greenbelt, MD 20770

James M. Connolly, Esq.
Kramer and Connolly
500 Redland Ct Ste 211
Owings Mills, MD 21117

    Re:  Stoner v. Professional Recovery Services
          Civil No. SKG-09-73

Dear Counsel:

Pending before the Court is Plaintiff's Application for Attorney Fees & Costs. (Paper No. 14.) The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(a)(3) states that a successful plaintiff shall be awarded the costs of the action, together with reasonable attorney's fees as determined by the Court. Plaintiff has accepted the defendant's Offer of Judgment, which included an award of reasonable fees and costs, and requests an award of $12,930.00 in fees together with costs of $350.00 for court filings. (See Paper No. 14, 1.) For the following reasons, the Court hereby GRANTS an award of $8488.75.

1

**Discussion**

**A.   The Lodestar Calculation**

The Court has an obligation to review the attorneys' fees petition independently, and to calculate a reasonable award. CoStar Group, Inc. v. Loopnet, Inc., 106 F.Supp 2d 780, 787 (D. Md. 2000).  The lodestar method is the appropriate standard for determining a reasonable award, by multiplying reasonable hours against the reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983); CoStar, 106 F.Supp 2d at 787. A court has a great deal of discretion to adjust a fee award. McDonnell v. Miller Oil Co., 134 F.3d 638, 640 (4th Cir. 1998).

As a guide for determining reasonableness, courts have applied the twelve-part Johnson test.[1] CoStar, 106 F.Supp 2d at 787. (applying Rule 37(a)). The Johnson factors are considered

---

[1] The Johnson factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitation imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees in similar cases.

Johnson v. Georgia Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974).

2

within the context of determining reasonable hourly rates. See Daly v. Hill, 790 F.2d 1071, 1077 (4th Cir. 1986). In accord with the District Court for the District of Maryland Guidelines and governing precedent, this Court has reviewed the fee petition specifically as to 1) the reasonableness of the rates charged, and 2) the reasonableness of the hours billed. It is the Court's opinion that a modest reduction in the attorneys' fees sought is necessary.

**1.   Hourly Rate**

The Court has reviewed and adopts plaintiff's discussion of the relevant Johnson factors, with the following exceptions. First, the Rules and Guidelines for Determining Lodestar Attorney's Fees of this Court (Appendix B to Local Rules of the District of Maryland), "provide a presumptively reasonable range of hourly rates..." Poole v. Textron, Inc., 192 F.R.D. 494, 509 (D. Md. 2001). The guidelines provide a range of $225.00 to $300.00 for an attorney with between nine and fourteen years of experience. Plaintiff's Counsel has about twelve years of experience.

Second, plaintiff's counsel is entitled to a rate shown to be consistent with "the prevailing market rates in the relevant community." See Blum v. Stenson, 465 U.S. 886, 895 (1984). "The burden is on the fee applicant to produce satisfactory evidence

... that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." CoStar Group Inc. v. Loopnet Inc., 106 F.Supp 2d 780, 787-88 (D. Md. 2000)(quoting Blum, 465 U.S. at 896 n.11. Based on the affidavits submitted by Mr. Morin (Paper No. 14-5) and Ms. Santoni (Paper No. 14-6) on behalf of Ms. Smith-Valentine, the rate of $225.00 recommended by defense counsel is too low, and the Court rejects it.

Last, under the Johnson factors, the relative simplicity of this FDCPA case suggests that an hourly rate at the high-end of the guideline range is unjustified. The Court agrees to a reduction of Ms. Smith-Valentine's hourly rate to $250.00, which falls in the middle of the guidelines' range, and is fair given Ms. Smith-Valentine's years of experience, the typical rates charged by attorneys in this field, and the relative simplicity of this case.

    **2.  Hours**

It is also the Court's responsibility to determine whether the hours expended by plaintiff's counsel were reasonable. Hensley, 461 U.S. at 434. Defendant argues that given Ms. Smith-Valentine's experience and requested rate, she expended an unreasonable number of hours on certain tasks. A court will

deduct hours expended, which are excessive, redundant or otherwise unnecessary. Id.

Defendant points out that Ms. Smith-Valentine has twelve years of experience in consumer law, and her practice is largely dedicated to representing consumers under the FDCPA and Fair Credit Reporting Act ("FCRA"). See Smith-Valentine Declaration, ¶ 2. The Court agrees that 9.2 hours spent on generic interrogatories, and 44.8 hours spent on initial written discovery is excessive. Therefore, the Court agrees to a 15 percent reduction of the final lodestar award representing a 15 percent reduction of hours expended by Ms. Smith-Valentine.

**B.   Fees Accrued Post Rule 68 Offer**

The Court agrees with Defendant that under Rule 68, the award of fees should be limited to those incurred at the time of the Offer of Judgment. Rule 68 states:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, *with costs then accrued.*

(Emphasis added). Under the plain language of the rule, fees incurred subsequent to the service of the Offer of Judgment are not included in the Court's award of fees. Moreover, defendant's Offer of Judgment made explicit that the offer's inclusion of

costs was limited to the period prior to service of the offer. (See Paper No. 11-2.) See Croy v. E. Hall & Associates, P.L.L.C., 2007 WL 676698, 2 (W.D. Va. March 2, 2007)("[i]f the offer of judgment…included "attorney's fees to date," then the plain language of the offer would only include fees up until the date of the offer."). Accordingly, the award will be reduced by $1625.00 ($250.00 x 6.5 hours) reflecting the time expended after May 6, 2009 – the date of service of the Offer of Judgment.

    **C.   Review of Defense Counsel's Time Records**

Plaintiff asserts that he "is entitled to review defense counsel's time records if defendant objects to plaintiff's request for attorney's fees and costs." (Paper No. 14, 4.) The Court disagrees. While some courts have found it useful to make comparisons between opposing counsel's fees and hours, others - including those in the Fourth Circuit - have cautioned against that practice. See Zhang v. GC Service, LP, 537 F.Supp.2d 805, 808-09 (E.D. Va. 2008)("While Plaintiffs are correct in their assertion that some courts have found it useful to compare opposing counsel's efforts and resulting hours and fees with the fee petitioner's demands in order to determine the reasonableness of the requested attorneys' fees, the authority relied on by Plaintiffs does not stand for the proposition that

6

the Court *must* undertake such a comparison. In fact, the same authority also cautions against the hazards of such a comparison and notes that only occasionally do courts endeavor to compare the opposing counsel's fee records."). While I would not rule out the usefulness of a comparison in some cases, it is unnecessary to make such a comparison in the instant case.

## Conclusion

In calculating the award of fees, the Court first reduced plaintiff's counsel's hourly rate to $250.00, then multiplied it by the number of hours submitted ($250.00 x 44.8 hours = $11,200.00). The Court then subtracted $1,625.00 that was incurred after service of the Offer of Judgment ($11,200 - $1,625 = $9575.00). The Court then reduced the award by 15 percent, to adjust for excessive hours expended, for a total fee award of $8138.75. The Court then added $350.00 for court filing fees.

For the reasons stated above, the Court GRANTS plaintiff's Petition, and awards $8488.75 in fees and costs.

Despite the informal nature of this letter, it constitutes an opinion of the Court, and shall be docketed accordingly.

                               Sincerely yours,

                                    /s/

                               Susan K. Gauvey

                                        United States Magistrate Judge